UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-80733-CIV-RYSKAMP/VITUNAC

MICHAEL FOLSTEIN,
and others similarly situated,

    Plaintiff,

vs.

OCWEN LOAN SERVICING, LLC,

    Defendant.

_____/

## ORDER GRANTING FEES INCURRED BY DEFENDANT

**THIS CAUSE** comes before the Court upon Defendant's Notice of Filing Affidavit of Cathy M. Stutin **[DE 41]** in Compliance with the Court's February 26, 2008 Order Granting Defendant's Motion to Compel.  The Court has reviewed the affidavit.

In the affidavit, Defense counsel states that she charges $360.00 per hour and that she spent 1.4 hours preparing the motion to compel and her affidavit verifying her fees and time spent.

The Court has discretion in awarding attorneys fees and a fee award should include only those hours that were reasonably expended on the litigation.  Defense counsel bears the burden of producing the time records that justify her claim.  *See In re First Colonial Corp. Of America* 544 F.2d 1291, 1300 (5th Cir. 1977).  A reasonable hourly rate is the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *ACLU v. Barnes,* 168 F.3d 423, 426 (11th Cir. 1999).  "Satisfactory evidence" of the prevailing market rate requires more than the affidavit of the attorney

performing the work and can involve direct evidence of charges by lawyers under similar circumstances. *Harbaugh v. Greslin*, 365 F. Supp. 2d 1274, 1281 (S.D. Fla 2005).

Although in this case, Defense counsel only provided this Court with an affidavit of what she believed were reasonable rate and time expended on the litigation, this Court substitutes its own expertise on these matters to reach its decision.

Rates

The Court has final discretion as to the reasonableness of the rates. "Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence." *Norman v. Hous. Auth. Of City of Montgomery* 836 F.2d 1292 (11th Cir. 1988). The Court is itself considered an expert and can make an informed judgment as to a proper award of fees even without the benefit of outside testimony. *Id* at 1303.

To determine the reasonableness of rates, this Court is guided in part by two articles regarding attorney rates. First, is the Florida Bar's 2004 Economics and Law Office Management Survey. This survey indicates that less than 50% of attorneys in Florida charge of attorney's charge more than $200 per hour, and only 13% charge $300 or more per hour. *See* Fla. Bar News, Feb. 1, 2005 at 14.

Second, is a December 31, 2007 article appearing in the Daily Business Review titled "Still Expanding." That article reported survey results from "the nation's 250 largest law firms to provide a range of hourly billing rates for partners and associates." Three of the reporting firms are headquartered in Florida. Broad and Cassel of Orlando reported an average fee of $361 per hour for partners and $232 for associates. Carlton Fields, of Tampa, reported an

average fee of $406 for partners and $243 for associates. Finally, Gray Robinson, of Orlando, reported an average fee of $319 for partners and $198 for associates.

Based on this Court's own expertise in determining the reasonableness of attorney's fees as well as the above articles, this Court concludes that Ms. Stutin will be awarded $275 per hour.

Hours

After a review of Ms. Stutin's affidavit and the motion to compel, this Court agrees that her expenditure of 1.4 hours was reasonable. Accordingly, it is hereby,

**ORDERED AND ADJUDGED** that the Court having previously granted Defendant's Motion for attorney's fees, Defendant is awarded $385.00 for attorneys' fees incurred in the filing of the motion to compel.

**DONE AND ORDERED**, in Chambers, this 21 day of March, 2008.

    /s/ Kenneth L. Ryskamp
UNITED STATES DISTRICT COURT JUDGE
KENNETH L. RYSKAMP

Copies Furnished to:
All counsel of record